AMSTERDAM *v*. PUENTE ET AL.

APPEAL from the District Court of Ponce.

No. 364.—Decided March 11, 1909.

APPEAL—DISMISSAL—BOND.—A bond is not a necessary requisite to take an ap-
peal in a civil case, for which reason a motion to dismiss an appeal on such
a ground should be overruled.
ID.—CONSTRUCTION OF THE LAW—SECTION 298, CODE OF CIVIL PROCEDURE.—Sec-
tion 298 of the Code of Civil Procedure, as it appears in English, cannot be
efficient in law for the purpose of requiring an undertaking or deposit to
perfect an appeal.

The facts are stated in the opinion.
*Messrs. W. V. Robbins and H. P. Leake* for the mover.
*Messrs. Tord, Toro and Canales* for the adverse party.
MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.
The respondents have filed a motion in this Supreme Court
to dismiss the appeal taken on the ground that the appellants

had not furnished any bond whatsoever, and had not been relieved by stipulation of the obligation to furnish it.

Section 296 of our Code of Civil Procedure does not require, either in its Spanish or in its English text, that bond be furnished to take an appeal; but section 298 of the English text prescribes that the perfecting of an appeal, by giving the undertaking or making the deposit mentioned in a section, the number of which it does not give, stays proceedings in the court below upon the judgment or order appealed from, with the exception stated.

The Spanish text of section 298 does not agree with the English text.

Said section 298, according to the English text, cannot be efficient in law, for the purpose of requiring an undertaking or deposit to perfect an appeal, because it starts from the assumption that such formality has been required by another section of the said Code of Civil Procedure, in which we do not find any provision whatsoever relating to the matter.

Furthermore, section 296 of the Code of Civil Procedure is a reproduction of section 3574 of the Code of Idaho, and although said section 3574 provides that the appeal is invalid for any purpose, unless an undertaking be given or a deposit be made within five days after service of notice of the appeal, this provision has not been embodied in section 296 of the Code of Porto Rico, and therefore it was the intention of the Legislature not to extend it to this Island.

Said section 298 of our Code of Civil Procedure appears to have been taken from section 3583 of the Code of Idaho, which refers to section 3575 of the same code, which has not been embodied in ours.

For the reasons stated, we are of the opinion that notwithstanding the English text of section 298 of the Code of Civil Procedure of Porto Rico, the undertaking or deposit are not necessary requisites for the taking of an appeal, and conse-

quently the motion of the respondents should be dismissed, with the costs against them.

*Motion overruled.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones took no part in the decision of this case.